In the Matter of the Estate of William C. Draher, Deceased.

Wayne H. Mathis, Executor of the Estate of William C. Draher, Deceased, Petitioner-Appellant, v. Irene T. Bauer, Respondent-Appellee.

Gen. No. 11,831.

Third District.

April 10, 1964.

John F. Sloan, of Peoria, for appellant.

Charles J. Perrin, of Pekin, and James V. Cunning-ham, of Peoria, for appellee.

CULBERTSON, P. J.

This is an appeal from an order of the Probate Court of Peoria County dismissing a citation proceeding wherein Wayne H. Mathis, Executor of the Estate of William C. Draher, deceased, sought to require Irene T. Bauer, appellee herein, to account for $4,000 in cash she had obtained from the decedent in his lifetime.

It is the contention of petitioner-appellant in this Court, that Irene T. Bauer, respondent and appellee, has not proved the gift to her by clear, satisfactory, unequivocal, and convincing evidence, as required by law. Respondent-appellee herein contends that the money in question was manually given to her by said William C. Draher, with accompanying words evidencing a clear and convincing intent that the money was to be hers.

Petitioner called the defendant and others to give their testimony. The record discloses that respondent was subjected, as were other witnesses, to extensive and searching examination and cross-examination. Respondent, among other things in her testimony, testified that on the morning of May 25, 1961, she received a telephone call from William C. Draher, asking her to meet him beside the Walgreen Drug Store at the corner of Main and Jefferson in Peoria, and go with him to the doctor. She testified she agreed to do so, cleaned up, and drove to Peoria, and that on her arrival he came to the car and asked her to go and park the car and meet him at the Commercial National Bank some four blocks away, and that he would walk down there. After checking some other parking lots

135

she finally parked at Hamilton and Adams Streets and walked four blocks to the Commercial National Bank. She testified that upon her arrival there she found him at the Adams Street side of the bank, just north of the front doors. As she came up to him he pulled an envelope out of his coat pocket and started to remove a large quantity of cash in full view of people standing around, and wanted her to count it. She was concerned about displaying so much money and refused to count it. As he handed the money to her, he said, "This is for all you have done for me. Who would have done all the things you have done for me." She suggested they go into the bank and put it in a box where it would be safe. He agreed to this and finally rented a lock box in her name only, declining to have his name on the rental card. In the booth the envelope was opened and $6,000 was counted out and placed loose in the box. Both keys were kept by the respondent.

There is evidence in the record that discloses Mr. Draher was not a generous person, and in fact, at one place in the record he was characterized as being miserly. The record also discloses that Mrs. Bauer took care of Mr. Draher, and that the care she gave him could well be said to have gone well beyond the ordinary care a niece would give to an uncle. On November 15, 1961 Mr. Draher came to the respondent herein and demanded that she return the money to him, and in response to that demand Mrs. Bauer did return the sum of $2,000 to Mr. Draher. It is urged there was some restraint on the gift that was made on May 25, 1961.

The Trial Court filed a written opinion in determining this case, and in said opinion he carefully analyzed the evidence and evaluated same, considering every contention made, and set out in detail his reasons for his finding in this case, viz: that a gift which

136

was complete had been made to respondent, and that there was no legal obligation on respondent's part to refund any part of said gift.

We have carefully considered the evidence as shown by the record in this case and the interpretation and recital of it in the Court's written opinion, and have considered the Court's conclusion that William C. Draher made a voluntary and irrevocable gift of $6,000, with adequate words, coupled with complete delivery and surrender of possession and control to a person who was at that time one of the natural objects of his bounty.

Where evidence is conflicting, the conclusions of the Trial Judge who saw and heard the witnesses and had advantages not possessed by the Reviewing Court in judging the weight of their testimony should not be disturbed unless clearly wrong (In re Estate of McCaffrey, 31 Ill App2d 413, 176 NE2d 545).

Applying the established law to the evidence in this case it clearly appears to us that the action of the Probate Court of Peoria County in dismissing the citation proceeding in this case for reasons set forth in the Court's written opinion, was correct and is accordingly affirmed.

Affirmed.

SCHEINEMAN and ROETH, JJ., concur.